1  FRANCIS TORRENCE    (SBN 154653)
   AUDRIE LEE    (SBN 252749)
2  PECKAR & ABRAMSON, P.C.    E-filing
   455 Market Street, 21st Floor
3  San Francisco, California 94105
   Telephone:    (415) 837-1968
4  Facsimile:    (415) 837-1320

5  Attorney for Defendants TANEJA GROUP, INC. and ARUN TANEJA

6

7

8

9              UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

11  BRAD O'NEILL,                       Case No. _____  BZ

12              Plaintiff,              **NOTICE OF REMOVAL OF ACTION**
    vs.                                **UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

13  TANEJA GROUP, INC.; ARUN TANEJA,

14              Defendants.

15

16

17      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18      PLEASE TAKE NOTICE that Defendants TANEJA GROUP, INC. and ARUN

19  TANEJA, through their counsel, hereby remove to this Court the state court action entitled,

20  BRAD O'NEILL plaintiff, vs. TANEJA GROUP, INC. and ARUN TANEJA Defendants, Case

21  Number VG07355080 (the "Action"), pursuant to 28 U.S.C. §§ 1141 and 1446. The Action is a

22  civil action over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

23              **FILING PROCEDURE**

24      1.      The filing of this Notice of Removal is timely under 28 U.S.C. § 1446 because it

25  was filed less than one year from commencement of the Action, and within thirty days after

26  Defendants received a copy of the Complaint.

27      2.      In accordance with 28 U.S.C. § 1446(d), TANEJA GROUP, INC. and ARUN

28  TANEJA (collectively, "Defendants") are filing a copy of this Notice of Removal with the

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

                        1
        NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

1  Superior Court of the State of California for the County of Alameda and is serving a copy upon

2  plaintiff's counsel.

3                            **INTRAJURISDICTION**

4      3.      On November 7, 2007, Brad O'Neill ("plaintiff") commenced the Action in the

5  Superior Court of the State of California in and for the County of Alameda.

6      4.      The first date upon which Defendants received a copy of the Complaint in the

7  Action and related documents was December 14, 2007.   A copy of the Complaint and all other

8  documents provided to the Defendants are collectively attached hereto as Exhibit "A."

9      5.      As the Action commenced in the Superior Court of the State of California for the

10  County of Alameda, removal of the Action should be assigned to the Oakland Division of the

11  United States District Court for the Northern District of California pursuant to Local Rule 3-

12  2(d)[1] and Local Rule 3-5(b).

13                         **DIVERSITY JURISDICTION**

14      6.      This Action is a civil action of which this Court has original jurisdiction under 28

15  U.S.C. §1332, and is one which may be removed to this Court by Defendants pursuant to the

16  provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states,

17  and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

18                                **The Parties**

19      7.      As alleged in the Complaint, Defendants are informed and believe that plaintiff

20  Brad O'Neill was, and still is, a citizen of the State of California.  (See, Complaint, Page 2

21  Paragraph 3.)

22      8.      As alleged in the Complaint, Defendant Arun Taneja was, at the time of the

23  filing of this action, and still is, a citizen of the State of Massachusetts.  (Compl., 2 ¶ 5.)

24      9.      As alleged in the Complaint, Defendant Taneja Group, Inc. was, at the time of

25  the filing of this action, and still is, a corporation incorporated under the laws of the State of

26

27

28

---

[1] All citations to the Local Rules refer to the Local Rules of the United States District Court for the Northern District of California, unless otherwise noted.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

2

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

1  Massachusetts, having its principal place of business in the State of Massachusetts.  (Compl., 2
2  ¶ 4.)

3        10.      Therefore, the action is entirely between citizens of diverse states and is within
4  the original jurisdiction of the United States District Court for the Northern District of
5  California.  Said diversity of citizenship existed at the time of the commencement of the Action,
6  as well as at the time of the filing of this Notice.

7                                **Amount in Controversy**

8        11.      Plaintiff's Verified Complaint for Declaratory Relief; Defamation; Unfair
9  Competition is silent as to the exact amount of monetary damages sought.  The Complaint,
10  however, does request compensatory, special, and consequential damages in an amount
11  determined at trial, and exemplary damages, punitive damages, and an award of reasonable
12  attorneys' fees to the extent authorized by law for all three causes of action, exclusive of interest
13  and costs. (Compl., 9 ¶ 2–6.)  As set forth in more detail below, the Complaint places at issue
14  matters valued at amounts in excess of the jurisdictional limit of $75,000.

15        12.      Plaintiff's first cause of action for declaratory relief seeks a judicial
16  determination that plaintiff's investment and involvement with StumpleUpon constituted a
17  personal and private activity (Compl., 6–7 ¶ 30(a)), and neither usurped a corporate opportunity
18  belonging to Taneja Group, nor resulted in the breach of his employment contract, for which he
19  had been compensated (Compl., 2 ¶ 1).

20        13.      Defendants are informed and believe that the value of the corporate opportunity
21  which is the subject of the declaratory relief action was worth approximately $15,000,000.00 in
22  profits to plaintiff.

23        14.      Further, the declaratory relief action also seeks to determine plaintiff's rights to
24  his salary received from Taneja Group during the time of his employment.  Defendants are
25  informed and believe that plaintiff's annual salary for the years put in dispute by the Complaint
26  exceeded $240,000 per year.

27        15.      Therefore, plaintiff's first cause of action for declaratory relief places at issue a
28  total amount in controversy which greatly exceeds the jurisdictional requirement of this Court.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

3

1       By virtue of the foregoing, the Action is removable from the state court to the United

2  States District Court pursuant to 28 U.S.C. § 1441.

3

4  Dated:  January 11, 2008              PECKAR & ABRAMSON, P.C.

5

6

7                   By:

8                          FRANCIS TORRENCE (SBN 154653)
                          Attorney for Defendants TANEJA GROUP, INC.

9                          and ARUN TANEJA

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

**EXHIBIT  A**

| | |
|---|---|
| 1 | MICHAEL A. SANDS (CSB NO. 178788) · |
| | MARY WANG (CSB NO. 234636) |
| 2 | FENWICK & WEST LLP |
| | Silicon Valley Center |
| 3 | 801 California Street |
| | Mountain View, CA 94041 |
| 4 | Telephone: (650) 988-8500 |
| | Facsimile: (650) 938-5200 |
| 5 | |
| | Attorneys for Plaintiff |
| 6 | BRAD O'NEILL |

**ENDORSED**
**FILED**
ALAMEDA COUNTY

NO\ 0 7 2007

CLERK OF THE SUPERIOR COURT
By    **Fern Webb**

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10                  GALE/SCHENONE HALL OF JUSTICE

11                                      7 G 0 7 3 5 5 0 8 (

12  BRAD O'NEILL,                       Case No. _____

13              Plaintiff,              **VERIFIED COMPLAINT FOR**
                                        **DECLARATORY RELIEF;**
14      v.                              **DEFAMATION; UNFAIR COMPETITION**

15  TANEJA GROUP, INC.; ARUN TANEJA,

16              Defendants.

17                                      **DEMAND FOR JURY TRIAL**

18

19       Plaintiff Brad O'Neill ("Plaintiff" or "O'Neill") hereby alleges for his Verified Complaint

20  against Defendants Taneja Group, Inc. ("Taneja Group") and Arun Taneja ("Taneja")

21  (collectively, "Defendants"), on personal knowledge as to his own actions and on information and

22  belief as to the actions of others, as follows:

23                              **INTRODUCTION**

24       1.    · This is an action for declaratory relief pursuant to California Code of Civil

25  Procedure section 1060 *et seq.* Plaintiff was employed as a Senior Analyst and Consultant for

26  Taneja Group from approximately February 2004 to July 2007. While an employee of Taneja

27  Group, Plaintiff also pursued a personal and private investment opportunity with a consumer

28  internet software company called StumbleUpon. At no time was Plaintiff ever an employee,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

VERIFIED COMPLAINT                                              CASE NO.

1    officer or director of StumbleUpon. An actual controversy now exists between the parties with

2    respect to Plaintiff's involvement with StumbleUpon. Defendants contend, *inter alia*, that

3    Plaintiff owed Defendants a duty of loyalty which he breached through his involvement with

4    StumbleUpon, along with contentions of diversion of corporate opportunity and other allegations.

5    Defendants also contend that Plaintiff engaged in fraud and misrepresented the reason for an

6    authorized leave of absence from his employment with Taneja Group. Plaintiff, on the other

7    hand, denies all such contentions as unjust and without adequate basis. To the contrary, Plaintiff

8    maintains that his investment in StumbleUpon constituted personal and private activity,

9    conducted entirely on his own time, which did not interfere with his employment with Taneja

10   Group in any way and for which he had no obligation to seek permission or authorization from

11   Defendants. Defendants have threatened legal action against Plaintiff, and Plaintiff thus seeks a

12   declaration that he has not breached any duties owed to Defendants or otherwise harmed

13   Defendants in any way.

14       2.    In addition to seeking declaratory relief as described herein, Plaintiff also brings

15   this complaint for defamation and unfair competition against Defendants as detailed below.

16   **THE PARTIES**

17       3.    Plaintiff Brad O'Neill is an individual residing in Pleasanton, California, in the

18   County of Alameda. At all times relevant to this action, Plaintiff lived and worked from his home

19   in California, and was thus a California employee of Taneja Group.

20       4.    Upon information and belief, Defendant Taneja Group, Inc. is a corporation, form

21   unknown, with its principal place of business located at 87 Elm Street, Suite 900, Hopkinton,

22   Massachusetts 01748. Taneja Group is engaged in providing computer storage technology

23   consulting and analysis services to enterprise technology vendors nationwide.

24       5.    Defendant Arun Taneja is an individual residing, on information and belief, in

25   Massachusetts. Taneja is the Founder and President of Taneja Group and, on information and

26   belief, at all times relevant to this action was the employee and agent of Taneja Group and in

27   doing the things alleged below acted within the scope of his employment and agency.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

2

1
## JURISDICTION AND VENUE

2      6.      Jurisdiction is proper because Defendants have engaged in tortious conduct, as

3  alleged herein, aimed at Plaintiff, residing in California, and have, on information and belief,

4  regularly engaged in substantial business in California, including the hiring of Plaintiff as a

5  California employee of Taneja Group.

6      7.      Venue is proper in this Court pursuant to California Code of Civil Procedure

7  sections 395(a) and 395.5 because none of the Defendants reside in California and because the

8  alleged breaches of duty and associated alleged liability arose in Pleasanton, California.

9
## FACTUAL BACKGROUND

10      8.      Taneja Group provides computer storage and storage-centric server technology

11  consulting and analysis services to enterprise technology vendors. Taneja is the Founder and

12  President of Taneja Group.

13      9.      In or about February 2003, Taneja hired Plaintiff as an independent contractor for

14  Taneja Group. In or about February 2004, Taneja made a written offer of employment to

15  Plaintiff, which Plaintiff accepted. Plaintiff's offer letter indicated that his title would be "Senior

16  Analyst and Consultant." Throughout his employment with Taneja Group, Plaintiff was an

17  individual contributor and never served as an officer or director of the company, nor did he ever

18  have any discretionary management power over corporate affairs. Plaintiff's offer letter further

19  stated that he would be employed on an "at will" basis. At no time during Plaintiff's employment

20  with Taneja Group was the at-will nature of his employment altered by either oral or written

21  agreement.

22      10.      During the entire course of his employment with Taneja Group, Plaintiff lived and

23  worked out of his home office in California, first in San Leandro from Spring 2003 to Spring

24  2004, and then in Pleasanton from Spring 2004 to Summer 2007. At no time during this period

25  did Plaintiff ever maintain an office at Taneja Group's facility in Massachusetts.

26      11.      In approximately the Spring of 2005, Plaintiff learned about StumbleUpon by

27  using its online services. StumbleUpon is a consumer internet software company offering a web

28  browser plug-in that allows its users to discover and rate web pages, photos, videos, and news

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

3

VERIFIED COMPLAINT                                                    CASE NO.

1    articles. StumbleUpon is not and has never been a competitor of Taneja Group in any way. To

2    the contrary, the two companies provide entirely different services in completely unrelated areas.

3        12.    Impressed with how StumbleUpon's services worked, Plaintiff contacted and

4    ultimately became friends with the founders of StumbleUpon. Through this friendship, Plaintiff

5    became an informal mentor to StumbleUpon's founders and occasionally offered advice on

6    various aspects of StumbleUpon's business arrangements.

7        13.    In the Spring of 2006, Plaintiff made a private "angel" investment in

8    StumbleUpon.

9        14.    At no time was Plaintiff ever an employee, officer or director of StumbleUpon.

10    During his involvement with StumbleUpon, Plaintiff did not receive any financial gain from the

11    company until the June 2007 distribution of funds resulting from the completed acquisition of

12    StumbleUpon by eBay, a transaction that closed on May 30, 2007. Plaintiff had no further

13    involvement with StumbleUpon after that date.

14        15.    Currently, Plaintiff has no involvement with the StumbleUpon business unit of

15    eBay, other than maintaining his personal friendships with all three of StumbleUpon's founders.

16        16.    At no time did Plaintiff's personal and private investment in and involvement with

17    StumbleUpon divert him from his work for Taneja Group. During the entirety of his employment

18    with Taneja Group, Plaintiff worked diligently to build and develop the company's client base,

19    particularly on the West Coast. Plaintiff routinely devoted 12 or more hours a day, including

20    weekends, to his work for Taneja Group, and regularly traveled widely for presentations and

21    consulting engagements for Taneja Group's clients.

22        17.    Taneja never communicated any displeasure with the quality of Plaintiff's work.

23    On the contrary, in May and June 2007, Taneja explicitly expressed that he was pleased with the

24    quality of Plaintiff's work product during that time.

25        18.    On or about May 2, 2007, Plaintiff first announced to Taneja his intention to resign

26    his employment from Taneja Group. Despite having the right as an at-will employee to leave the

27    company immediately, Plaintiff agreed – at Taneja's request – to stay through the end of the

28    month.

4

VERIFIED COMPLAINT                                                    CASE NO.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   19.   As May 2007 progressed, Taneja began to consider the impact Plaintiff's departure
2   might have on Taneja Group's business. In an effort to retain Plaintiff as an employee, Taneja
3   officially suggested that Plaintiff take the month of June 2007 as a paid leave of absence to think
4   about his future with Taneja Group. Plaintiff agreed and began his leave of absence on June 11,
5   2007.

6   20.   Taneja, however, did not want Taneja Group clients to discover that Plaintiff
7   intended to leave Taneja Group. After discussing the matter with Plaintiff, Taneja therefore
8   decided to send an email to Taneja Group's client base explaining that Plaintiff would be taking a
9   leave of absence to address "family matters in Michigan." On June 16, 2007, Taneja sent a draft
10  of this email to Plaintiff for his review and comment before sending it out.

11  21.   Plaintiff spent a significant portion of his June 2007 leave of absence traveling to
12  Michigan to visit family members, a fact that he communicated to executives at several Taneja
13  Group clients.

14  22.   As Plaintiff's June 2007 leave of absence came to an end, he made clear to Taneja
15  that he did not intend to return to Taneja Group and instead intended to end his employment
16  pursuant to the notice he gave in early May 2007. Taneja sent another email to clients stating that
17  Plaintiff was leaving the company. On July 13, 2007, Taneja again provided Plaintiff with a draft
18  of his proposed email, which he sent out to clients on Sunday, July 15, 2007.

19  23.   Despite the explicit agreement between Plaintiff and Taneja that clients would be
20  informed that the reason for Plaintiff's leave was to deal with "family matters in Michigan,"
21  Taneja strayed considerably from this agreed-upon language. In both written and verbal
22  communications with multiple clients, Taneja often misrepresented that Plaintiff was on leave for
23  "personal matters" or was dealing with "personal issues." These statements resulted in numerous
24  inquiries to Plaintiff from professional associates and clients as to whether Plaintiff had a drug,
25  alcohol, health or marital problem, and other damaging assumptions regarding Plaintiff's personal
26  and professional life.

27  24.   By letter dated October 26, 2007, Defendants, through counsel, alleged various
28  purported claims against Plaintiff apparently based upon Plaintiff's private investment in and

5

VERIFIED COMPLAINT                                          CASE NO.

personal involvement with StumbleUpon. Defendants' letter claims damages in a substantial but
unstated amount, and threatened that Plaintiff must respond "to avoid certain litigation."

## FIRST CAUSE OF ACTION
### Declaratory Relief Against All Defendants
(California Code of Civil Procedure section 1060 *et seq.*)

25.    Plaintiff incorporates by reference paragraphs 1 through 24 above, as though fully
set forth herein.

26.    An actual and present controversy has arisen and now exists between Defendants
and Plaintiff concerning whether Plaintiff has breached any duties owed to his former employer
Taneja Group or otherwise harmed Defendants in any way.

27.    Defendants contend, *inter alia*, that Plaintiff breached his duty of loyalty and
fiduciary duties, and diverted a corporate opportunity. Defendants also contend that Plaintiff
engaged in fraud and misrepresented the reason for his leave of absence.

28.    Plaintiff denies any and all such contentions, and contends that Defendants'
purported claims, and each of them, are false and without justification. Plaintiff contends that he
never breached any duty of loyalty owed to Defendants, did not owe any fiduciary duties to
Defendants as he was never an officer or director of Taneja Group, never breached any fiduciary
duties even if found to have owed such duties to Defendants, and did not engage in any fraudulent
or misleading activity.

29.    A judicial declaration is necessary at this time under the circumstances herein
described so that Plaintiff can pursue his business activities without the cloud of threatened
litigation and associated uncertainty regarding the parties' rights and obligations. It is necessary
and critical at this juncture for Plaintiff to obtain this relief based on Defendants' threat to file suit
against Plaintiff.

30.    Plaintiff therefore seeks, and is entitled to, a judicial determination and declaration
from this Court as follows:

a.    That his investment in and involvement with StumbleUpon constituted
personal and private activity, conducted entirely on his own time, which did not interfere with his

6

VERIFIED COMPLAINT                                                              CASE NO.

1 employment with Taneja Group in any way and for which he had no obligation to seek

2 permission or authorization from Defendants; and

3          b.     That he has not breached any duties owed to Defendants or otherwise

4 harmed Defendants in any way.

**SECOND CAUSE OF ACTION**
**Defamation Against All Defendants**
**(Cal. Civ. Code section 44 *et seq*.)**

7      31.     Plaintiff incorporates by reference paragraphs 1 through 24 above, as though fully

8 set forth herein.

9      32.     Commencing in approximately June 2007, and continuing through approximately

10 July 2007, Defendants have, on many occasions, published to third parties orally and in writing,

11 false and defamatory statements concerning Plaintiff, including but not limited to as follows: In

12 response to Taneja's idea that the explanation of "family matters" be used with clients regarding

13 Plaintiff's leave of absence from Taneja Group starting in June 2007, the parties agreed on the use

14 of very specific language that Plaintiff was taking a leave of absence to address "family matters in

15 Michigan." On numerous occasions in both written and verbal communications with multiple

16 clients, however, Taneja stated that Plaintiff was on leave for "personal matters" or was dealing

17 with "personal issues" (hereinafter the "Defamatory Statements"). Defendants, having agreed

18 with Plaintiff on the reasons for Plaintiff's leave of absence and the explanation to be provided to

19 clients therefor, knew the Defamatory Statements were false or lacked any reasonable grounds for

20 believing them true.

21      33.     These Defamatory Statements resulted in inquiries to Plaintiff from professional

22 associates and clients as to whether he had a drug, alcohol, health or marital problem, and other

23 damaging assumptions regarding his personal and professional life. As a result, Defendants'

24 Defamatory Statements regarding the reasons for Plaintiff's leave of absence were understood by

25 those who heard or saw them in a way that defamed Plaintiff and tended to injure him in his

26 professional and/or personal reputation.

27      34.     As a direct and proximate result of Defendants' publication of the Defamatory

28 Statements, Plaintiff has suffered loss to his reputation, shame, mortification, and distress all to

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

7

VERIFIED COMPLAINT                                      CASE NO.

1    his general damage in an amount not yet ascertainable. Accordingly, Plaintiff is entitled to

2    recover actual damages in an amount to be proven at trial.

3        35.    Defendants' written and oral Defamatory Statements constitute defamation per se

4    in violation of Cal. Civ. Code §§ 45a and 46, because they tend directly to injure Plaintiff his

5    respect to his professional and personal integrity, by imputing to him improper and dishonest or

6    loathsome conduct, with the natural consequence of causing economic loss by causing potential

7    business contacts to shun him.

8        36.    The Defamatory Statements were not privileged because Defendants published

9    them with personal animosity, hatred, and ill will toward Plaintiff and with either the knowledge

10   that they were false or without any reasonable grounds for believing them to be true.

11       37.    Plaintiff is informed and believes, and thereon alleges, that Defendants made the

12   Defamatory Statements with willful and malicious intent to harm and injure the professional

13   and/or personal reputation of Plaintiff and/or with conscious disregard of Plaintiff's rights.

14   Therefore, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish

15   and make an example of Defendants, to be proven at trial.

16       38.    As a direct and proximate result of Defendants' Defamatory Statements, Plaintiff

17   has suffered and will continue to suffer injuries to his reputation for which available remedies at

18   law are not adequate to compensate Plaintiff. Plaintiff thus seeks injunctive relief in addition to

19   monetary damages.

20                              **THIRD CAUSE OF ACTION**
                        **Unfair Competition Against All Defendants**
21                    **(Cal. Bus. & Prof. Code section 17200 et seq.)**

22       39.    Plaintiff incorporates by reference paragraphs 1 through 38 above, as though fully

23   set forth herein.

24       40.    Defendants' conduct alleged in paragraphs 1 through 38 above constitutes unfair

25   competition in that such conduct constitutes unlawful, unfair and fraudulent business acts or

26   practices, in violation of California Business & Professions Code section 17200 et seq.

27       41.    As a direct and proximate result of Defendants' unfair competition, Plaintiff has

28   suffered and will continue to suffer irreparable harm. Plaintiff is informed and believes and

8

VERIFIED COMPLAINT                                                    CASE NO.

1  thereon alleges that Defendants threaten to continue to engage in such unlawful acts, and unless

2  and until restrained and enjoined by this Court, will do so. Plaintiff's remedy at law is not by

3  itself adequate to compensate Plaintiff for the harm inflicted and threatened by Defendants.

4  Plaintiff is therefore entitled to preliminary and permanent injunctive relief restraining

5  Defendants, their officers, agents and employees, and all persons acting in concert with them,

6  from engaging in any further acts in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and/or

7  such other and further equitable relief as the court may deem just and proper.

8  ## PRAYER OF RELIEF

9  WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

10  1.    For a judicial determination and declaration from this Court as follows:

11          a.    That Plaintiff's investment in and involvement with StumbleUpon

12  constituted personal and private activity, conducted entirely on his own time, which did not

13  interfere with his employment with Taneja Group in any way and for which he had no obligation

14  to seek permission or authorization from Defendants; and

15          b.    That Plaintiff has not breached any duties owed to Defendants or otherwise

16  harmed Defendants in any way.

17  2.    For compensatory, special, and consequential damages in an amount to be

18  determined at trial;

19  3.    For exemplary and punitive damages to the extent permitted by law;

20  4.    For injunctive relief as set forth above;

21  5.    For an award of costs, expenses, reasonable attorneys' fees to the extent authorized

22  by law; and

23  6.    For all such other and further relief as the Court deems just and appropriate.

24  Dated: November 6, 2007                    FENWICK & WEST LLP

26                                          By: _____
                                               MICHAEL A. SANDS

27                                          Attorneys for Plaintiff
28                                          BRAD O'NEILL

9

VERIFIED COMPLAINT                                    CASE NO.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

## **JURY DEMAND**

2      Plaintiff hereby demands a trial by jury on all jury triable claims and issues in this action.

3    Dated: November 6, 2007            FENWICK & WEST LLP

4

5                        By: _____

6                                MICHAEL A. SANDS

7                      Attorneys for Plaintiff
                               BRAD O'NEILL

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

VERIFIED COMPLAINT                           CASE NO.

1

## **VERIFICATION**

2    I, Brad O'Neill, declare as follows:

3    I am the Plaintiff in this action, over the age of 18 years and a resident of the State of

4    California, County of Alameda. I have read the attached **VERIFIED COMPLAINT FOR**

5    **DECLARATORY RELIEF; DEFAMATION; UNFAIR COMPETITION** and I am familiar

6    with the contents thereof. The matters stated therein are true of my own knowledge except for

7    those matters stated on information and belief, which I believe to be true.

8    I declare under penalty of perjury under the laws of the State of California that the

9    foregoing is true and correct.

10    Executed this 6th day of November 2007, in Mountain View, California.

11

12

13                                              Brad O'Neill

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

VERIFIED COMPLAINT                                              CASE NO.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP Silicon
Valley Center
Attn: Sands, Michael A.
801 California Street
Mountain View, CA   94041

## Superior Court of California, County of Alameda

| | |
|---|---|
| O' Neill | No. VG07355080 |
| **Plaintiff/Petitioner(s)** | |
| vs. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| Taneja Group, INC. | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 03/25/2008 | Department: 520 | Judge: David Hunter |
|---|---|---|
| Time: 09:00 AM | Location: Hayward Hall of Justice | Clerk: Lindnell Williams |
| | 3rd Floor | Clerk telephone: (510) 690-2729 |
| | 24405 Amador Street, Hayward CA 94544 | E-mail: |
| | | Dept.520@alameda.courts.ca.gov |
| | Internet: http://www.alameda.courts.ca.gov | Fax: (510) 267-1531 |

### ORDERS

1.  You must:
    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  Give notice of this conference to any party not included in this notice and file proof of service;
    c.  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least 15 days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown herein and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 11/15/2007.

By    *A Matio*

                                      Deputy Clerk

**Superior Court of California, County of Alameda**



## *Notice of Judicial Assignment for All Purposes*

Case Number:VG07365080
Case Title:    O' Neill VS Taneja Group, INC.
Date of Filing: 11/07/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**This case is hereby assigned for all purposes to:**

|  |  |
|---|---|
| **Judge:** | **David Hunter** |
| **Department:** | **520** |
| **Address:** | **Hayward Hall of Justice** |
|  | **24405 Amador Street** |
|  | **Hayward  CA  94544** |
| **Phone Number:** | **(510) 690-2729** |
| **Fax Number:** | **(510) 267-1531** |
| **Email Address:** | **Dept.520@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO

JUDGE David Hunter

DEPARTMENT 520

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

If all parties agree to change a scheduled court date, the parties must first send a fax letter to Department 520 outlining the requested schedule change and then contact the Courtroom Clerk to schedule a telephone conference with the Court.

Please submit a courtesy copy of all filed documents directly to Department 520.

## Schedule for Department 520

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays, Tuesdays and Thursdays from 10:00 a.m. to 4:30 p.m. and Wednesdays from 10:00 a.m. to 4:00 p.m.
- Case Management Conferences are held: Mondays through Thursdays at 9:00 a.m.
- Law and Motion matters are heard: Fridays at 9:30 a.m.
- Settlement Conferences are heard: Fridays at 1:30 p.m.
- Ex Parte matters are heard: Mondays and Wednesdays at 9:30 a.m.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Phone:        (510) 690-2729


- Ex Parte Matters
    Phone:        (510) 690-2729


## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 520
- Phone: 1-866-223-2244

Dated: 11/14/2007                     Executive Officer / Clerk of the Superior Court

                                      By    *A. Mateo*
                                            _____
                                                 Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

          Executed on 11/15/2007

                                      By    *A. Mateo*
                                            _____
                                                 Deputy Clerk

Page 3 of 3